UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RA DAIS DEAPOCALYPSE BEY, | * |
| Plaintiff, | * |
| v. | * Civil Action No. 22-30092-MGM |
| HON. JONATHAN KANE, EAVON VAUGHN, | * |
| Defendants. | * |

## ORDER

October 19, 2022

MASTROIANNI, U.S.D.J.

Plaintiff ra dais deapocalyse bey's ("bey") motion to proceed in forma pauperis (ECF No. 3) is hereby ALLOWED, and this action is DISMISSED without prejudice pursuant to 28 U.S.C. 1915(e)(2)(B) and for lack of jurisdiction. That statute authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if, among other things, the action is frivolous, fails to state a claim on which relief can be granted, or a party is immune. *See id.* In conducting this review, the court liberally construes bey's complaint because he is proceeding *pro se. Hughes v. Rowe,* 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Instituto de Educacion Universal Corp. v. U.S. Dept. of Education*, 209 F.3d 18, 23 (1st Cir. 2000). This court also has an independent obligation to sua sponte inquire into its own subject matter jurisdiction, *see McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir. 2004), and "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action," Fed. R. Civ. P. 12(h)(3). The Clerk is directed to enter a separate order of dismissal without prejudice.

Bey principally alleges in his complaint that he lost an eviction proceeding in the Commonwealth of Massachusetts Housing Court, and he now seeks to sue the judge and the plaintiff in that underlying action for monetary damages along with the return of his purported property, claiming that the land was stolen from his indigenous ancestors.

As an initial matter, this court abstains from exercising jurisdiction over this action to the extent that it would interfere with an on-going matter in the courts of the Commonwealth of Massachusetts. "*Younger* abstention doctrine . . . requires a district court to stay or dismiss the federal action in favor of the continued prosecution of the state-court litigation." *Coggeshall v. Massachusetts Bd. of Registration of Psychologists*, 604 F.3d 658, 664 (1st Cir. 2010) (referencing *Younger v. Harris*, 401 U.S. 37, 41 (1971)). Said differently, "[u]nder *Younger* principles, a federal court must abstain from hearing a case if doing so would needlessly inject the federal court into ongoing state proceedings." *Id.* (citation and quotation omitted). "Federal courts have routinely held that the *Younger* doctrine bars them from enjoining state-court eviction proceedings." *Seidel v. Wells Fargo Bank*, N.A., Civ. Action No. 12-10766-RWZ, 2012 WL 2571200, at *2 (D. Mass. July 3, 2012).

"Where abstention on a claim for damages [as opposed to injunctive relief] is appropriate . . . the proper course is to stay the damages claim rather than dismiss the action in its entirety." *Amadi v. McManus*, Civil Action No. 16-11901-NMG, 2018 WL 5555062, at *4 (D. Mass. Oct. 26, 2018). However, where the monetary damages claims are subject to dismissal on other grounds, a stay is not warranted. *Id.*; *see also Hines v. Hervey*, Civil Action No. 17-40042-DHH, 2018 WL 1477138, at *4 n.3 (D. Mass. Mar. 26, 2018) ("Because the court has dismissed without prejudice the claims for monetary damages against the defendants . . . no . . . stay is necessary").

Second, to the extent that the underlying judgment in the eviction proceeding is final, this court does not have jurisdiction to review and reject a state court judgment. "It is an elementary rule of federal jurisdiction that district courts have strictly original jurisdiction in federal question cases

and thus cannot exercise appellate jurisdiction." *Liviz v. Howard*, No. 19-CV-10096-PJB, 2019 WL 1082403, at *3 (D. Mass. Mar. 4, 2019). "Pursuant to the *Rooker–Feldman* doctrine, 'federal district courts lack jurisdiction over "federal complaints ... [that] essentially invite[ ] federal courts of first instance to review and reverse unfavorable state-court judgments."'" *Anderson v. Sup. Jud. Ct. of Massachusetts*, Case No. 18-CV-11302-DJC, 2019 WL 1244054, at *4 (D. Mass. Mar. 15, 2019) (citing *Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R.*, 410 F.3d 17, 20 (1st Cir. 2005)) (alterations in original). Any decision on the merits here "necessarily requires the Court to undermine [a] state court judgment[], [and therefore] the Court lacks subject matter jurisdiction over [bey's] claims."[1] *Id.*

Third, even if the court did not abstain as set forth above, to the extent that bey is seeking to proceed against Judge Kane for claims arising out of his judicial rulings, *see* Compl. Dkt. No. 1-3 ¶¶ 2, 3 and 4A, such claims for monetary damages are barred by the doctrine of absolute judicial immunity. *See Zenon v. Guzman*, 924 F.3d 611, 616 (1st Cir. 2019). "The breadth of the protection is fulsome, shielding judges even when their actions are malicious, corrupt, mistaken, or taken in bad faith; its purpose not to buffer bad judges but 'for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of

---

[1] Other than an assertion of federal jurisdiction pursuant to 28 U.S.C. § 1983, bey claims jurisdiction under several sources that are not viable as a matter of law. For example, in Section II(A) of his Complaint, Dkt. No. 1, bey references "federal Indian law discourse of conquest," which may be a reference to a book, that is not a source of jurisdiction. *See* Robert A. Williams, Jr., *The American Indian in Western Legal Thought: The Discourses of Conquest*, New York: Oxford University Press. 1990. He also references 5 U.S.C. § 3331 (oath of office statute), but that, too, does not create a private right of action. *See Smith v. United States.*, Crim. No. 97-10025-PBS, 2013 WL 2154004, at *1 (D. Mass. May 15, 2013). Similarly, bey's reliance on 11 USC § 1503 (International Obligations of the United States) relating to the "United Nations Declaration on the Rights of Indigenous Peoples [and] the American Declaration on the Rights of Indigenous Peoples" does not create a federal private right of action either. Compl., Section II(A), Dkt. No. 1; *see also Bey v. United States*, Case. No. 3:22-CV-01112-LCB, 2022 WL 4088084 (N.D. Ala. Sept. 6, 2022); *Van Hope-el v. U.S. Dept. of State*, Case No. 1:18-CV-0441 - JLT, 2019 WL 295774, at *3 n. 2 (E.D. Cal. Jan. 23, 2019) (collecting cases), aff'd sub nom. *Hope-El v. U.S. Dept. of State*, No. 19-15311, 2019 WL 3941181 (9th Cir. June 26, 2019). He also purports to assert a cause of action under 18 U.S.C. § 242, a criminal statute that does not provide a private right of action. *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989).

consequences.'" *Id.* (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Accordingly, "when a judge carries out traditional adjudicatory functions, he or she has absolute immunity for those actions." *Id.* Nothing in the Complaint suggests Judge Kane acted outside "traditional adjudicatory functions." *Id.* To the extent bey disagreed with the judge's orders, his option was to appeal the court's rulings in state court; he cannot sue the state court judge in federal court for damages. Injunctive relief against Judge Kane is also unavailable. "Section 1983 explicitly provides that, 'in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.'" *Alexandre v. Prince*, Civ. Action No. 22-11340-ADB, 2022 WL 3597409 (D. Mass. Aug. 23, 2022).

Fourth, although bey has not identified the Commonwealth of Massachusetts Housing Court or the Commonwealth of Massachusetts as defendants, the court observes that any claims brought against those entities pursuant to 42 U.S.C. § 1983 are barred by Eleventh Amendment sovereign immunity. Under the Eleventh Amendment to the Constitution, "[s]tates and their agencies are entitled to sovereign immunity 'regardless of the relief sought.'" *Poirier v. Massachusetts Dept. of Correction*, 558 F.3d 92, 97 (1st Cir. 2009) (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n. 14 (1985)).

Finally, the court discerns no plausible claim against defendant Eavon Vaughan under 42 U.S.C. § 1983. Vaughan appears to be a private citizen who was not acting under color of law as required for liability under § 1983. This court also lacks diversity jurisdiction over any claims against Vaughn. Addresses in Massachusetts are listed for bey and both Defendants. Based upon the allegations relating to bey's "eviction" from his "home" in Chicopee, Massachusetts and his desire to "move back" to that home from his current home in Springfield, it is apparent that bey was domiciled in and a citizen of Massachusetts for purposes of diversity. Additionally, bey's claims that his "tribe was the Chocktaw tribe" and, more specifically with respect to citizenship claims, that he

4

is "indigenous to the land that the State of Mass. is claiming" or "indigenous to North America," do not sufficiently allege diversity jurisdiction pursuant to 28 U.S.C.§ 1332. *Derisme v. Hunt Leibert Jacobson, PC*, No. 3:10cv23 (MRK), 2010 WL 3417858, at *7 (D. Conn. Aug. 25, 2010) ("That Fabiola Is Ra El Bey . . . self-identifies as 'aboriginal' and 'indigenous' are irrelevant to the determination of her citizenship for diversity jurisdiction purposes."); *Bey ex rel. Palmgren v. Conte*, 18-CV-9594 (CM), 2019 WL 1745672, at *4 (S.D.N.Y. Apr. 18, 2019) ("Plaintiff's assertion that he is a citizen of 'Morocco, Northwest Amexem' is irrelevant to the determination of his citizenship for diversity purposes."). "'For purposes of diversity jurisdiction, [a person's] citizenship usually is equated with domicile.'" *Beck v. Fradette*, Cov. Action No. 1:22-CV-10389-IT, 2022 WL 1522211, at *2 (D. Mass. May 12, 2022) (quoting *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 366 (1st Cir. 2001)).

Accordingly, this action is DISMISSED without prejudice.

It is So Ordered.

          /s/ Mark G. Mastroianni
          MARK G. MASTROIANNI
          United States District Judge